## A. R. HOMESLY *vs.* ELIAS and COHEN.

Where there are two places upon a Rail Road for the reception of freight, one called the depot proper, the other a platform a half-mile distant from the *depot proper*, where heavy and bulky articles were received and deposited for shipment; and there was evidence tending to show that a quantity of cotton, (the subject-matter in controversy) had been delivered at the *platform, Held,* that under the circumstances of this case defendants had a right to ask a witness the question, "Where was the customary place to deliver cotton to the W. C. and R. R. R., in Charlote?" and also the question, "where was the Rail Road depository of cotton;" and that it was erroneous in the Court to exclude such testimony.

This was a civil action tried before Logan, Judge, at Fall Term 1871, of Gaston Superior Court.

Plaintiff declared upon a written agreement made between the parties, and dated January 25th, 1865. The agreement is in substance as follows: " The parties of the first part, (defendants in this action,) stipulate and agree with the parties of the second party (plaintiff in the action) to sell to him 200 bales of cotton, of middling quality. &c., to be delivered at the depot of the Wilmington, Charlotte and Rutherford Rail Road Company in the city of Charlotte."

In consideration of this undertaking plaintiff agreed to pay for the cotton at the rate of $1.50 per pound in cotton yarn, at forty-five dollars per bunch to be delivered at Cherryville, &c. The testimony in the case is voluminous.

The testimony deemed material to the decision of the case, the exceptions to the evidence and the charge of the presiding Judge are clearly set forth in the opinion of the Court.

There was a verdict for the plaintiff. Rule for a new trial. Rule discharged. Appeal prayed and granted.

*Bynum, Schenck* and *Bailey* for plaintiff.
*Hoke, Wilson* and *Vance & Dowd* for defendant.

BOYDEN J. This was a civil action, founded upon a written contract which is made a part of the case, by which the defendant had undertaken to deliver for the plaintiff at the depot of the W. C. & R. R. R, in Charlotte two hundred bales of cotton. It appeared in evidence that there were two places for the reception of freight; one which may be called the depot proper, where the buildings were, and where the station agent usually transacted his business; the other, a place for the reception of freight, was about a half mile distant, at the point where the W. C. &. R. R. R. crosses the Railroad leading from Charlotte to Statesville, where platforms had been erected for the reception of cotton, iron and other heavy and bulky articles, and was called the cotton platforms; and it was at this place that the Rail Road usually received these heavy and bulky articles for transportation, and there was evidence tending to show that the defendants had delivered the plaintiff's cotton at this crossing.

The plaintiff took the position that a delivery of the cotton at the platform at the crossings, would not constitute a delivery in the meaning of their contract; but that the cotton should have been delivered at the depot proper.

The defendants called as a witness Allen Cruse, who testified that he was the only licensed drayman in Charlotte in 1865, and that he hauled most of the cotton of Elias & Cohen for the plaintiff. This witness was asked by defendants "where was the customary place to deliver cotton to the W. C. &. R. R. R. in Charlotte." This evidence was objected to by the plaintiff, and rejected by the Court. Defendants then asked the witness where was the Rail Road depository for cotton? Plaintiff objected to this evidence, and his Honor sustained the objection. The Court then stated to the counsel of defendants, that they might ask where the depot is, and where the cotton platforms were.

The witness then stated that the cotton was delivered at the platform at the crossing, by direction of Harly the agent at the depot.

His Honor in charging the jury in relation to the depot, said, "A depot is a place to receive and forward freight, entrusted for safe keeping. There are more than one depot on Rail Roads. The question is at which depot was the cotton to be delivered: which is the depot meant, is a question of fact for the jury."

We think His Honor erred in rejecting the evidence as to where was the customary place to deliver cotton to the W. C. & R. R. R. in Charlotte, and where was the Rail Road depository for cotton.

This could have been evidence in any view of the case, as it touched the very point in issue; but more especially was it evidence as his Honor stated to the jury that this was a question of fact for them. After this charge of His Honor, upon what principle could it be insisted that this evidence was inadmissible?

As His Honor was in error in rejecting the evidence offered, and as the decision of this question disposes of the case in this Court, we deem it unnecessary to notice any of the other points made by the defendant.

The authorities cited to sustain His Honor in the rejection of the evidence, have no application.

There is error. This will be certified.

PER CURIAM.                              *Venire de novo.*